# LEE M. PERLMAN

### ATTORNEY AT LAW

1926 GREENTREE ROAD, SUITE 100, CHERRY HILL, NEW JERSEY 08003
Telephone (856) 751-4224, Facsimile (856) 751-4226
www.newjerseybankruptcy.com

CHRISTOPHER G. CASSIE                                                          OMAR J. VALDEZ•

MARY CATHERINE DOHERTYΔ                          BURLINGTON COUNTY OFFICE:
SYLVIA VARANOΔ                                                      129 High Street
VALERIE LUCARINIΔ                                                  Mt. Holly, NJ 08060
CATHERINE KRUPA*
BEATRICE YEAGER*                                       OCEAN COUNTY OFFICE:
                                                                          230 Main Street
KRISTEN C.P. PERLMAN, M.B.A. +                  2nd Floor, Suite B
                                                                          Toms River, NJ 08753
ALSO ADMITTED IN PENNSYLVANIA
Δ CERTIFIED BANKRUPTCY ASSISTANT
*LEGAL ASSISTANT
+ FAIR CREDIT REPORTING COORDINATOR

## VIA ELECTRONIC FILING

PLEASE REPLY TO:
CHERRY HILL OFFICE

January 3, 2010

The Honorable Raymond T. Lyons, U.S.B.J.
United States Bankruptcy Court
402 East State Street
Trenton, NJ 08608

    RE: **Brad S. Kuskin**
       **Chapter 7 Case No.: 10-43526 RTL**

Dear Judge Lyons:

  My office represents the Brad Kuskin in the above captioned matter.  Please accept this letter brief in lieu of a more formal opposition to Creditors Scaglione, Vance, Vance's Motion to Dismiss Chapter 7 Case and From Relief From the Automatic Stay. The debtor requests oral argument in this matter.

  The Motion to Dismiss Chapter 7 Case and Motion for Relief from §362 Automatic Stay filed by Michael Scaglione, Tamara Vance and Jason Vance (hereafter "Creditors") should be denied.  Brad S. Kuskin (hereafter "Debtor") filed a Chapter 7 bankruptcy on October 28, 2010. The Meeting of Creditors was held on December 22, 2010.  For convenience, the Debtor's letter brief will follow the outline of the Creditor's motion.

## BRIEF STATEMENT OF FACTS

  As the Debtor will answer more specifically in its brief later on, the Debtor will just deny that his bankruptcy petition is filled with fraud and disputes that the bankruptcy case should be dismissed.  The Debtor filed his bankruptcy in good faith and the Creditors' motion should be denied.

## DOMICILE OF DEBTOR

  The Debtor is domiciled in New Jersey.  28 U.S.C. 1408(1) states that a case may be commenced in the district in which the debtor has his domicile, residence, principal place of business or principal assets for either the last one hundred eighty days or the majority of the one hundred eighty days prior to the bankruptcy filing if not located in one place for the entire period.  The Debtor lived in New York until approximately October 2009.  (See Kuskin

Certification).  Upon moving to New Jersey, the Debtor intended this to be his domicile. (See Kuskin Certification).  Specifically, 801 Ocean Avenue, Bradley Beach, NJ, which is owned by the Debtor's parents. (See Kuskin Certification).  From October 2009 to the filing of the bankruptcy petition, the Debtor spent weeks to months at a time in Brazil, Colorado, and Florida. (See Kuskin Certification).  In Colorado and Florida, the Debtor stayed at properties owned by his family while working. (See Kuskin Certification).  During this time period, the Debtor would also stay at his parent's house in Wayside, NJ. (See Kuskin Certification).  During his travels for work prior to filing bankruptcy, the Debtor never intended to move his domicile from New Jersey to any other state. (See Kuskin Certification).

The four bases for venue in 1408 are in the alternative. In re Miller, 433 B.R. 205, 211 (Bankr.W.D.Mich., 2010).  "The four tests for venue are given in the alternative and, thus, any of the four is jurisdictionally sufficient." Broady v. Harvey (In re Broady), 247 B.R. 470, 472 (8th Cir. BAP 2000); see also HSBC Bank USA v. Handel (In re Handel), 253 B.R. 308, 310 (1st Cir. BAP 2000); In re Cole, 2008 WL 2857118, *2 (Bankr.N.D.Tex. July 21, 2008) ("It is not necessary for the filing party to show that the district in which the case was filed is appropriate based on all factors.  The tests of domicile, residence, principal place of business, and location of principal assets should be viewed as alternative tests."); In re Gurley, 215 B.R. 703, 707-08 (Bankr.W.D.Tenn.1997).  Id.

Many courts that have ruled on the burden of proof regarding objections to bankruptcy venue have decided that there is a presumption that the debtor has filed in the correct district; the party objecting to venue is required, by a preponderance of evidence, to show that venue is improper. See, e.g., In re Peachtree Lane Associates, Ltd., 150 F.3d 788, 792 (7th Cir.1998); In re Handel, 253 B.R. at 310; In re Broady, 247 B.R. at 472-73; In re Farmer, 288 B.R. 31, 34 (Bankr.N.D.N.Y.2002).  Id. at 212.

Domicile is largely a matter of intention. Williamson v. Osenton, 232 U.S. 619, 625, 34 S.Ct. 442, 443, 58 L.Ed. 758 (1914).  The Sixth Circuit Court of Appeals has phrased the question as follows: "[t]he location of a person's domicile at any given time is a question of intent: what is the fixed location to which he intends to return when he is elsewhere?" Detroit Lions, Inc. v. Argovitz, 767 F.2d 919, 1985 WL 13394, *2 (6th Cir.1985) (unpublished table opinion) (emphasis added). Id. at 212.  "Thus, domicile is an individual's permanent place of abode where he need not be physically present, and residence is where the individual is physically present much of the time. An individual consequently may have several residences, but only one domicile." Eastman v. University of Michigan, 30 F.3d 670, 673 (6th Cir.1994).  Id. at 212.

The Debtor was domiciled in New Jersey since his move from New York in 2009 to the filing of his bankruptcy petition.  Prior to the one hundred eighty days period before the filing of his Bankruptcy Petition, the Debtor intended and did establish his domicile in New Jersey.  His travels prior to the filing of his bankruptcy petition did not change his domicile.  The Creditors have not provided any proof that the Debtor intended to change his domicile from New Jersey to Florida and therefore the Creditors motion should be denied.

## SCHEDULE A

The Debtor filed Schedule A in good faith.  11 U.S.C. §521(a)(1)(B)(ii) requires the debtor to file a schedule of assets and liabilities.  The Debtor does not own any real estate personally.  However, some of the companies that the Debtor has an interest in do own real estate.  However, this is not the same thing the debtor having a personal interest in real estate.

2

As the document that the Creditors are pointing to illustrates (Exhibit 3 to Creditor's motion), the real estate is not owned by the Debtor but instead by a number of limited liability companies. The Debtor's ownership interest in these companies is disclosed on Schedule B as required. The Creditors have not shown that the Schedule A filed by the Debtor was in bad faith and therefore this is not a valid reason to dismiss his case.

## SCHEDULE B

The Debtor filed Schedule B in good faith. The Creditors make a number of unsupported allegations. A debtor is not required to list on Schedule B personal property that he or she owned at some point in the past but instead to list items they currently own per 11 U.S.C. §521(a)(1)(B)(ii). The Creditors make a number of allegations about things that the Debtor may have owned in the past but does not point to any items that the Debtor currently owns that were not included on Schedule B. The Creditors have not shown that the Schedule B filed by the Debtor was in bad faith and therefore their motion should be denied.

## SCHEDULE C

The Debtor filed Schedule C in good faith. While the Creditors allege that the Debtor is required to list that he filed a police report regarding the property that the Debtor's wife has absconded with, the Creditors provide no support for this allegation in the Bankruptcy Code or in case law. The Debtor noted the referenced items on his Schedules so that if the trustee wishes to pursue the Debtor's wife, he is aware of the assets. The Creditors have not shown that the Schedule C filed by the Debtor was in bad faith and therefore their motion should be denied.

## SCHEDULE E

The Debtor filed Schedule E in good faith. The Debtor filed amended tax returns for a number of years and believes that due to an amended tax return being filed for 2007, no tax ended up being owed by the Debtor. (See Kuskin Certification). Again, the Creditors fail to provide any support for their allegation that on Schedule E the Debtor is required to list tax debt that has been paid. There is no benefit to the Debtor for not listing any federal and state taxes that were due for 2007. Under 11 U.S.C. 726(a)(1), the taxing authorities would likely be the first creditor paid if the Chapter 7 Trustee were to recover assets for the estate under 11 U.S.C. 507(a)(8). In addition, the Debtor's 2007 taxes are not dischargeable. Therefore, it would only benefit the Debtor to list this type of debt if it were owed they would be among the first creditors to be paid and the debt itself is not dischargeable. The Creditors have not shown that the Schedule E filed by the Debtor was in bad faith and therefore their motion should be denied.

## SCHEDULE F

The Debtor filed Schedule F in good faith. However, there were oversights by the Debtor and his attorney as some creditors were not listed. This was not done in bad faith but in simple human error. The court filings in the Florida state cases involving the Creditors often list the plaintiff as "Tamara Vance et al." or "Tamara Vance etc." as can be seen from Exhibits 4 and 5 attached to the Creditors' motion. The Debtor and his attorney list Tamara Vance but forgot to list Mr. Vance and Mr. Scaglione as an oversight. Please note that their attorneys, the firm of Avila, Rodriguez, Hernandez, Mena and Ferri (shortened to "Avila, Rodriguez, Hernandez" on Schedule F) was listed on the Debtor's Schedule F. The Creditors next complain about the Debtor not listing HRCF-IV Crested Butte, LLC; KRG-CB II, LLC; HRCF-Avon, LLC; and East Avon-HRCF II, LLC on Schedule F. Again, this was an oversight by the Debtor and his

3

attorney. There is no benefit to the Debtor in leaving off Mr. Vance and Mr. Scaglione or the above mentioned LLCs from his bankruptcy petition. This was a simple mistake on the part of the Debtor and his attorney and not an act of bad faith on the part of the Debtor.

The Creditors next complain that the Debtor listed Alan Rosenstein as a creditor on Schedule F but failed to list a dollar amount owed. The Creditors attach to their motion as Exhibit 7 a New York state Decision and Judgment. There are three defendants named in the action Kravetz Realty Group, LLC; East Avon-HRCF II, LLC; and KRG-CB II, LLC. Please note that the Debtor is not one of the defendants. Mr. Rosenstein was listed for notification purpose. The Creditors have not shown that the Schedule F filed by the Debtor was in bad faith and therefore their motion should be denied.

## SCHEDULE I

The Debtor filed Schedule I in good faith. At the time the Debtor's bankruptcy was filed, he was self-employed. (See Kuskin Certification). He is seeking to start over after the collapse of his real estate businesses and his income going forward is not easily quantifiable. (See Kuskin Certification). The Creditors have alleged many facts about the Debtor's previous income but put forth no evidence to support their allegations that the Debtor is failing to disclose his current income. The Creditors have not shown that the Schedule F filed by the Debtor was in bad faith and therefore their motion should be denied.

## STATEMENT OF FINANCIAL AFFAIRS

The Debtor filed his Statement of Financial Affairs in good faith. As the Debtor testified at his 341a Meeting of Creditors, his 2009 tax return will be completed shortly. Once completed, the Statement of Financial Affairs will be amended if necessary. As to the 2010 tax year, Mr. Kuskin did not earn any income prior to his bankruptcy filing. (See Kuskin Certification). Looking at the Debtor's 2006 tax return is from four years ago, which was a drastically different real estate market is a waste of time. It is not surprising that the Debtor was earning significant sums of money prior to the real estate bubble bursting. What is surprising is that the Creditors think it is relevant today. As to the Creditors' Exhibit 11, this is not a document certified by the Debtor as the Creditors allege. The Debtor did not sign it and it is on Hudson letterhead. In addition, the Creditors only attach pages 1, 11 and 12. This internal document of Hudson is not evidence of the Debtor's financial condition in 2008 and is not relevant.

The Creditors list a number of cases that do not appear on the Debtor's Statement of Financial Affairs. The Debtor will be amending to add the cases where appropriate. Please note that Jason Quitne, Judith Quitne, Alan Rosenstein, and Smith Mountain Holdings, LLC are all listed on Schedule F and received notice of the Debtor's bankruptcy filing. Birchcroft Holding, LLC only holds a judgment against Kravetz Realty Group, LLC so it is unclear why this would need to be listed on the Debtor's Statement of Financial Affairs. (See Kuskin Certification).

The Debtor submitted his Statement of Financial Affairs in good faith. Any errors contained therein were inadvertent and the Debtor will make the necessary amendments to his bankruptcy petition. The Creditors also raise as an issue that the Debtor's attorney's fee is "exorbitant" but provides no statutory or case law to support their position. The fee charged in this matter is reasonable given the complexity of the case. The Creditors have not shown that the Statement of Financial Affairs filed by the Debtor was in bad faith and therefore their motion should be denied.

## MEMORANDUM OF LAW

The Debtor's bankruptcy case should not be dismissed.  Section 707(a) allows a bankruptcy court to dismiss a petition for cause if the petitioner fails to demonstrate his good faith in filing. *See* In re Zick, 931 F.2d 1124, 1126-27 (6th Cir.1991), In re Marks, 174 B.R. 37, 40 (E.D.Pa.1994).  In re Tamecki, 229 F.3d 205, 207 (3rd Cir. 2000).  Although the Code does not define "good faith," courts in this circuit have uniformly held that "[a]t the very least, good faith requires a showing of honest intention." *See* Marks, 174 B.R. at 40.  Id.  Courts have cautioned, however, that:

> Dismissal based on lack of good faith ... should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, lavish lifestyles, and intention to avoid a large single debt based upon conduct akin to fraud, misconduct or gross negligence.

Zick, 931 F.2d at 1129.  Id. Courts can determine good faith only on an ad hoc basis and must decide whether the petitioner has abused the provisions, purpose, or spirit of bankruptcy law. *See* Marks, 174 B.R. at 40.  Id.  Here, the Creditors have not shown that the Debtor has concealed or misrepresented assets or sources of income.  In addition, the Creditors have failed to show that the Debtor has a lavish lifestyle or is seeking to avoid a single large debt.  All the Creditors have done is make allegations regarding the Debtor's assets and income during the period one to four years prior to his bankruptcy filing.  The vast majority of the issues raised about the Debtor's bankruptcy petition are of a minor nature in that they were not attempting to conceal assets or income and do not rise to bad faith on the part of the Debtor.  Lastly, the Creditors seem to state that the mere filing of a Chapter 7 bankruptcy to stop judgment creditors from enforcing a judgment is in itself cause for dismissing a bankruptcy.  This is absurd on its face as one of the goals of bankruptcy is to give debtors a fresh start and relief from their creditors.  Since the Creditors have not shown bad faith by the Debtor or any other reason under 11 U.S.C. 707(a), the Creditors' motion should be denied.

The Creditors seek to have the Debtor's bankruptcy dismissed under 11 U.S.C. 707(b)(1) under which a party may seek to have a bankruptcy case dismissed if the debts are primarily consumer debt. "Consumer debt" is "debt incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. 101(8).  "Primarily" means "for the most part." (citing *Webster's Ninth Collegiate Dictionary* 934 (1984)).  In re Naut, 2008 WL 191297, *7. (Bankr.E.D.Pa. 2008).  Thus, when "the most part"-i.e., more than half-of the dollar amount owed is consumer debt, the statutory threshold is passed.  Id.  See also In re Beacher, 358 B.R. 917, 920 (Bankr.S.D.Tex.2007)(the term "primarily consumer debt" under section 707(b) means that more than 50% of the amount of debt is consumer debt); Praleikas, 248 B.R. at 144.  Id.

The Debtor's bankruptcy was filed as a case where the debts are primarily business debts. The Debtor's bankruptcy lists approximately eighteen million dollars in unsecured debt.  The vast majority of the Debtor's debt consists of personal guaranties on money owed by the various LLCs in which the Debtor is a member.  This includes the money owed to the Creditors, Jason & Judy Quinte, Brian Judge, Philip Miller, North River Place LLC, Citizens Bank among others. The aforementioned debts total more than fifteen million dollars or eighty three percent of the total debt.  This money was borrowed or guarantied for supporting the Debtor's business and therefore does not fall under the definition of consumer debt.  Since the Debtor's case is not composed of primarily consumer debt, 11 U.S.C. 707(b)(1) does not apply and therefore the Debtor's case cannot be dismissed under this Bankruptcy Code section.

The Creditors have not shown that they are entitled to relief from the automatic stay.  A vague reference is made to 11 U.S.C. 362(b)(1) & (4) however neither apply.  Subsection (b)(1) is for criminal actions and (b)(4) deals with action under the Convention on the Prohibition of the Development, Production, Stockpiling and Use of Chemical Weapons and Their Destruction.  The Creditors have a civil judgment against the Debtor so it is unclear how either of the above is applicable to the Debtor.  Further, the Creditors have failed to cite to and statute or case law entitling them to relief from the automatic stay and therefore their motion should be denied.

The Creditors have not shown that they are entitled to a dismissal of the Debtors case under 11 U.S.C. 707 or that they are entitled to relief from the automatic stay.  Therefore, the Debtor respectfully requests that their motion be denied.

BY:     /s/Lee M. Perlman
        LEE M. PERLMAN, ESQUIRE

cc:    Michael J. Scaglione
       (via facsimile and overnight mail)