NEIGER LLP
317 Madison Avenue, 21st Floor
New York, New York 10017
Telephone: (212) 267-7342
Facsimile: (212) 918-3427
Jonathan S. Bodner, Esq.
Dina Gielchinsky, Esq.

*Counsel to Evan Halpern and David Ratner*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BRAD S. KUSKIN, | ) | Case No. 10-43526 (RTL) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIMITED OPPOSITION TO CREDITORS SCAGLIONE, VANCE AND
VANCE'S MOTION TO DISMISS CHAPTER 7 CASE AS A BAD FAITH
FILING AND FOR RELIEF FROM § 362 AUTOMATIC STAY**

Evan Halpern and David Ratner (collectively, the "Halpern Parties"), by and through their attorneys, Neiger LLP, submit this limited opposition (the "Limited Opposition") to creditors Scaglione, Vance and Vance's motion (the "Motion to Dismiss") to dismiss chapter 7 case as a bad faith filing and for relief from the automatic stay pursuant to 11 U.S.C. § 362, and set forth as follows:

**Factual Background**

1.      On October 28, 2010, Brad S. Kuskin (the "Debtor") filed a voluntary chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), Case No. 10-43526 (RTL).

2.      On October 29, 2010, Theodore Liscinski, Jr. was duly appointed the chapter 7 trustee (the "Trustee") for the Debtor's chapter 7 estate.

3.      The Halpern Parties maintain that they are interested parties in connection with the Debtor and his estate.

4.      Prior to the Petition Date, the Halpern Parties provided funds to the Debtor in connection with certain entities, including, but not limited to, those listed on Schedule B of the Debtor's bankruptcy petition, which hold interests in certain real properties in various locations, including Colorado and New Jersey.

5.      In addition, several other interested parties and/or creditors have asserted claims against the Debtor, interests in the entities listed on Schedule B, and related properties.   To date, five claims have been filed against the Debtor's estate in aggregate of $175,038.37.  The claims filed to date include claims for credit card debt, auto debt, as well as loan defaults in connection with entities allegedly owned and/or controlled by the Debtor.  Creditors Michael Scaglione, Tamara Vance and Jason Vance (the "Movants") have also asserted that they collectively hold a judgment against the Debtor in the amount of $950,000.00 from litigation arising out of business dealings with the Debtor and certain entities involving real properties.

6.      On December 17, 2010, the Movants filed the Motion to Dismiss seeking to dismiss the Debtor's bankruptcy case, or in the alternative, requesting relief from the automatic stay to allow them to pursue collection efforts in the Florida State Court.

7.      As demonstrated by the Debtor's bankruptcy petition, claims filed to date, the Movant's allegations contained in the Motion Dismiss, and position maintained by the Halpern Parties, substantial issues exist as to whether certain entities and related properties are property of the Debtor's estate under 11 U.S.C. § 541.

8.      The Halpern Parties maintain that the Bankruptcy Court is the proper forum to make determinations with respect to all property in connection with the Debtor's estate and the administration thereof, and therefore, the Motion to Dismiss should be denied.

2

## Requested Relief

### A. Dismissal Should Be Denied At This Time

9. A court may deny a request to dismiss a debtor's bankruptcy case under 11 U.S.C. § 707(a) despite a debtor's misconduct in its bankruptcy case, where the court determines that creditors' interests would be better served by administering the case in bankruptcy. *See In re Spielberg*, 2007 Bankr. LEXIS 991 (Bankr. E.D. Pa. March 23, 2007).

10. In *In re Spielberg*, the Bankruptcy Court for the Eastern District of Pennsylvania denied a motion to dismiss and opted to keep the debtor's case in bankruptcy, despite debtor misconduct having been demonstrated, stating:

> In refusing to allow this dismissal, I am mindful that the Debtor has been thumbing his nose at the bankruptcy system … However, there is a statutory remedy for Debtor's conduct which had it been preserved, would be available to foreclose the Debtor's discharge.

*See In re Spielberg*, 2007 Bankr. LEXIS 991 at *15.

11. Even if the Movant's allegations contained in the Motion to Dismiss pertaining to "hidden assets" are ultimately proven true, the Trustee may utilize his broad powers to investigate the Debtor's financial affairs and unearth assets which may constitute property of the Debtor's estate.

12. Further, the Bankruptcy Court provides a central place for all creditors and interested parties to assert their claims against the Debtor's estate, claims of rights in certain properties, as well as for final determinations with respect to parties' claims of competing interests.

13. To the contrary, dismissing the Debtor's bankruptcy case would only pit the Debtor's creditors and other interested parties against one another as they scatter in efforts to find hidden assets and assert their individual claims.

3

14.     Accordingly, creditors and interested parties will likely fare best if this case remains in bankruptcy for a central, unified, and orderly administration of the Debtor's estate by the Trustee and under the supervision of the Bankruptcy Court.

**B. Stay Relief Should Be Denied At This Time**

15.     Pursuant to 11 U.S.C. § 362(a)(3) of the Bankruptcy Code, the filing of a petition in bankruptcy triggers an automatic stay, applicable to all entities, of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(3).

16.     Courts have held that "[o]ne of the principal purposes of the automatic stay is to preserve the property of the debtor's estate for the benefit of all the creditors." *Official Comm. of Unsec'd Creds. v. PSS Steamship Co. (In re Prudential Lines Inc.),* 928 F.2d 565, 573 (2d Cir. 1991).

17.     Significantly, bankruptcy courts have held that the automatic stay even applies where "the debtor's claimed interest in property may turn out to be groundless." *In re Levenstein,* 371 B.R. 45, 47 (Bankr. S.D.N.Y.2007); *Schmidt v. U.S. Marshal Serv. (In re Villarreal),* 2007 WL 470507, at *2 (Bankr. S.D.Tex. Feb.8, 2007) (concluding that even "[w]hen property is only *arguably* property of the estate, the automatic stay applies").

18.     At this time, it appears that the Movants are seeking to pursue state court remedies against certain property that may be property of the Debtor's estate.

19.     The Halpern Parties, as well as other creditors and interested parties, may have interests in the same property that the Movants seek to pursue in the Florida State Court.

20.     The extent and priority of parties' interests in such property must be determined prior to making a determination with respect to the automatic stay.

4

21.     The Halpern Parties take no position at this time as to the veracity of the Debtor's petition and schedules, and reserve the right to challenge all information listed on the Debtor's petition and schedules.

## **Conclusion**

WHEREFORE, the Halpern Parties respectfully request that this Court deny the Movant's Motion to Dismiss.


Dated:   New York, New York
         January 17, 2011                          Respectfully submitted,

                                          By:   /s/ *Jonathan S. Bodner*
                                                Jonathan S. Bodner, Esq.
                                                Dina Gielchinsky, Esq.
                                                NEIGER LLP
                                                317 Madison Avenue
                                                21st floor
                                                New York, New York 10017
                                                Tel: 212.267.7342