Philip Miller
272 Lyons Plains Road
Weston, CT 06883
203-454-2922
pmiller3@optonline.net
Plaintiff Pro Se

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------X
                                        :
In re:                                  : Bankruptcy Case
                                        : Case No.: 10-43526 RTL
BRAD KUSKIN                             :
                                        : (Chapter 7)
                    Debtor.             :
------------------------------------------------------------X
PHILIP MILLER,                          :
                                        :
                    Plaintiff           :
                                        :
     -against-                          : **COMPLAINT**
                                        :
BRAD KUSKIN                             :
                                        :
                    Defendant           :
------------------------------------------------------------X

Plaintiff Pro Se Philip Miller ("Miller"), for his complaint allege:

### NATURE OF THIS CASE

1.    This adversary proceeding (a) seeks a determination of non-dischargeability of the debt of $250,000 of defendant Brad Kuskin ("Kuskin") to Miller pursuant to 11 U.S.C. section 523(a)(2)(B) on the ground that Kuskin obtained money by use of a written statement that materially misstated Kuskin's financial condition; (b) seeks a determination of non-dischargeability of the debt of $250,000 of Kuskin to Miller pursuant to 11 U.S.C. section 523(a)(2)(A) on the ground that that such debt arose from Kuskin's false pretenses, false representations, and actual fraud.

### JURISDICTION

2.    This adversary proceeding arises under 11 USC section 523(a) and is brought pursuant to Bankruptcy Rules 4004, 4007 and 7001. Kuskin's bankruptcy case, Case No. 10-43526 RTL, is now pending in this Court.

3. This Court has jurisdiction pursuant to 28 U.S.C section 1334, 28 U.S.C. section 157, and 11 U.S.C. section 523.

4. Venue in this district is proper pursuant to 28 U.S.C. sections 1408 and 1409.

5. This is a core proceeding under 28 U.S.C. section 157(b)(2).

### THE PARTIES

6. Plaintiff Pro Se Philip Miller is a citizen of Connecticut and resides at 272 Lyons Plains Road, Weston, CT, 06883.

7. Upon information and belief, defendant Brad Kuskin is a citizen of New Jersey and currently resides in Florida. At relevant times, Kuskin resided at 265 East 66th Street, New York, New York, 10001, when Kuskin misstated his financial condition and used false pretenses and fraud to obtain Miller's money.

### FACTS OF THE CASE

8. At all relevant times, Kuskin was the Managing Member and sole decision maker of Kravetz Realty.

9 On or about February 27, 2008, Kuskin, on behalf of Kravetz Realty, entered into a contract ("Purchase Contract") with non-party Chapel Square to purchase certain commercial property known as the Chapel Square Shopping Center located in Avon, Colorado (the "Premises").

10. The Purchase Contract required Kuskin to tender a non-refundable deposit totaling $500,000.

11. Kuskin asked Miller to contribute $250,000 towards the deposit in exchange for an equity interest in the Premises.

12. Miller found the prospect of purchasing the Premises attractive but was not willing to risk deposited amounts in the event that bank financing would prove to be unobtainable and that a closing would not take place.

13. In order to induce Miller to contribute $250,000, Kuskin orally agreed to fully reimburse Miller in the event that no closing took place.

14. Kuskin showed Miller a personal financial statement (the "Statement") that demonstrated a personal fortune of an amount in excess of $30,000,000 indicating an ability to reimburse Miller.

2

15. Kuskin indicated in the Statement a brokerage account at Axiom Capital Management (the "ACM Account") with a balance in excess of $2,000,000.

16. Kuskin indicated that he would raise $250,000 from the ACM Account by selling shares of Microsoft to reimburse Miller if necessary.

17. As a result, on or about July 25, 2008, Miller and Kuskin, on behalf of Kravetz Realty, entered into an agreement (the "Agreement") wherein Miller agreed to contribute $250,000 towards the deposit. The Agreement provides that in the event Kravetz Realty defaults, through no fault of Miller, Kravetz Realty was required to reimburse Miller the $250,000. A copy of the Agreement is attached as Exhibit A.

18. The promise by Kravetz Realty is in addition to Kuskin's personal promise to reimburse Miller the $250,000 in the event that no closing occurred.

19. Miller contributed $250,000 in reliance of Kuskin's representations.

20. Upon information and belief, a closing was scheduled on the Premises on August 15, 2008. Kravetz Realty failed to consummate the purchase and therefore was in default. Accordingly, Miller became entitled to the reimbursement of $250,000 from Kravetz Realty and Kuskin.

21. Miller made several attempts to collect the $250,000 beginning in mid February 2009. Kuskin made numerous promises and excuses for the delay in proffering the payment to Miller before severing communications altogether. Payment has not been made.

22. Miller commenced a lawsuit against Kuskin and Kravetz Realty (the "Defendants") on April 3, 2009 in the Supreme Court of the State of New York.

23. Miller asserted a breach of contract, conversion, breach of the covenant of good faith and tortious interference with contract against the Defendants arising from Kuskin's failure to pay Miller the monies Miller was entitled to be reimbursed by Kuskin.

24. After Kuskin failed to respond to any notice or communication, the Honorable Charles E. Ramos granted Miller's motion for default judgment against the Defendants awarding Miller damages in the amount not less than $250,000 on December 1, 2009 (the "Judgment Debt"). The judgment is attached as Exhibit B.

<u>Count I</u>
(Non-Dischargeability of Specific Debt—11 U.S.C. section 523(a)(2)(B))

**Kuskin's Debt to Miller Arises from Monies
Obtained from Miller by Kuskin by Use of
A Materially False Statement in Writing Respecting
<u>Kuskin's Financial Condition</u>**

25. The Judgment Debt arises from monies obtained from Miller by Kuskin by use of a statement in writing respecting the debtor's financial condition on which the creditor relied and that the debtor caused to be made or published with the intent to deceive.

26. The Statement was materially false, vastly overstating Kuskin's wealth;

27. Many of Kuskin's assets reflected on the Statement consisted of real estate holdings held in LLCs that he indicated he owned entirely.

28. Upon information and belief, the real estate holdings actually owned by Kuskin consisted of small minority positions in LLC's controlled by his family.

29. Miller relied upon Kuskin's Statement in making his decision to transfer monies to Kuskin.

30. Relying on Kuskin's Statement was reasonable;

31. Upon information and belief, Miller was one of many victims of Kuskin's manufactured Statement;

32. Upon information and belief, Kuskin had provided the Statement to Citizens Bank and Key Bank in order to induce them to lend him money;

33. Upon information and belief, Kuskin had provided the Statement to sophisticated investors including a real estate hedge fund in order to induce them to transfer money to Kuskin;

34. Kuskin published the Statement with the intent to deceive;

35. Kuskin knew that an overstated personal fortune would also make Miller more likely to believe that Kuskin could honor his debt to Miller;

36. Kuskin knew that his true financial condition would be insufficient to induce Miller to transfer him monies had he accurately revealed his personal financial condition.

37.    Kuskin's Judgment Debt to Miller of $250,000 is non-dischargeable pursuant to 11 U.S.C. section 523(a)(2)(B) because such debt arises from monies obtained from Miller by Kuskin by use of a statement in writing that is materially false; respecting the Debtor's financial condition; on which Miller reasonably relied and that Kuskin caused to be made or published with the intent to deceive.

Count 2
(Non-Dischargeability of Specific Debt--11 U.S.C. section 523(a)(2)(A))

**Kuskin's Debt to Miller Arises from Monies Obtained from Miller by Kuskin by False Pretenses, False Representations and Actual Fraud**

38.    Plaintiff repeats and realleges the allegatons contained in paragraphs 1-37 as if fully set forth herein.

39.    The Judgment Debt arises from monies obtained from Miller by Kuskin by false pretenses, false representations, and actual fraud.

40.    Kuskin induced Miller to transfer monies by representing orally that he would return Miller's monies in the event that no closing on the Premises takes place and deposited monies are retained by Chapel Square;

41.    Kuskin induced Miller to transfer monies by representing in the Agreement that he would return Miller's monies in the event that no closing on the Premises takes place and deposited monies are retained by Chapel Square

42.    Miller relied upon Kuskin's foregoing representations by contributing to the deposit;

43.    Miller's reliance on Kuskin's representations was reasonable;

44.    All of Kuskin's foregoing representations were fraudulent when made;

45.    Kuskin never had the intention that he would return Miller's monies upon Kuskin's failure to close on the Premises.

46.    Kuskin induced Miller to contribute $250,000 by showing Miller the Statement that misrepresented his financial position.

47.    As a consequence of Kuskin's false pretenses, false representations, and actual fraud, Miller was damaged by Kuskin in amount equal to the Judgment Debt entered in favor of Miller and against Kuskin;

48. Kuskin's debt to Miller of $250,000 is non-dischargeable pursuant to 11 U.S.C. section 523(a) because such debt arises from monies obtained from Miller by Kuskin by false pretenses, false representations and actual fraud;

49. Plaintiff repeats and realleges the allegations contained in paragraphs 1-46 as if fully set forth herein.

WHEREFORE, plaintiffs demand judgment as follows:

(a) On Count I, pusuant to 11 U.S.C. section 523(a)(2)(B), declaring that
    (i) Kuskin's Judgment Debt to Miller is wholly non-dischargeable; and
    (ii) For such other and further relief as the Court deems just and proper.

(b) On Count II, pusuant to 11 U.S.C. section 523(a)(2)(A), declaring that
    (i) Kuskin's Judgment Debt to Miller is wholly non-dischargeable; and
    (ii) For such other and further relief as the Court deems just and proper.

Dated: Weston, Connecticut
February 3, 2011

Philip Miller

*[signature]*

272 Lyons Plains Road
Weston, CT 06883
(203) 454-2922
pmiller3@optonline.net
Plaintiff Pro Se

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| | 11 FEB 10 AM 9:37 |
| **PLAINTIFFS** Philip Miller | **DEFENDANTS** Brad Kuskin <br> JAMES J. WALDRON <br> BY: [signature] <br> DEPUTY CLERK |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Philip Miller (Pro Se) <br> 272 Lyons Plains Road <br> Weston, CT 06883 | **ATTORNEYS** (If Known) <br> Lee Martin Perlman <br> 1926 Greentree Road <br> Suite 100 <br> Cherry Hill, NJ 08003 |
| **PARTY** (Check One Box Only) <br> ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☑ Creditor  ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This adversary proceeding seeks a determination of non-dischargeability of the debt of defendant to plaintiff pursuant to 11 U.S.C. section 523(a)(2)(A) and section 523(a)(2)(B).

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| **Other Relief Sought** Non-dischargeability of Defendant's debt of $250,000 to plaintiff | |