| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>NEIGER LLP<br>317 Madison Avenue, 21st Floor<br>New York, New York 10017<br>Telephone: (212) 267-7342<br>Facsimile: (212) 918-3427<br>Jonathan S. Bodner, Esq. (JSB-2399) | |
| In re:<br><br>    BRAD S. KUSKIN,<br><br>                    Debtor.<br><br>_____<br>EVAN HALPERN, DAVID RATNER,<br><br>                    Plaintiffs,<br>        v.<br><br>BRAD S. KUSKIN, THEODORE LISCINSKI, JR., CHAPTER 7 TRUSTEE,  KRG-BEED, LLC, KRG-CB, LLC, KRG-CB II, LLC, JOYA, LLC, JASON VANCE, TAMARA VANCE, MICHAEL SCAGLIONE, KRAVETZ REALTY GROUP, LLC, PINNACLE LODGE, LLC, ERIC BENNER AND "JOHN DOES" 1 THROUGH 5,<br><br>                    Defendants. | Chapter 7<br><br>Case No. 10-43526 (RTL)<br><br><br><br><br>Adv. Pro. No. 11- |

**COMPLAINT**

Evan Halpern and David Ratner (collectively, the "**Halpern Parties**"), by and through their attorneys, Neiger LLP, upon their complaint (the "Complaint") seeking declaratory judgment in connection with the real property as described in **Exhibit "A"** hereto (the "**Property**"), and other relief as and against Brad S. Kuskin, Theodore Liscinski, Jr., Chapter 7

Trustee for the bankruptcy estate of Brad S. Kuskin, KRG-BEED, LLC, KRG-CB, LLC, KRG-CB II, LLC, Joya, LLC, Jason Vance, Tamara Vance, Michael Scaglione, Kravetz Realty Group, LLC, Pinnacle Lodge, LLC, Eric Benner and "John Does" 1 through 5, alleges upon information and belief that:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

2. This adversary proceeding is a core proceeding as that term is defined in 28 U.S.C. §157(b)(2)(A),(E),(H), and (O).

3. This adversary proceeding arises under the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") and arises in and relates to the Debtor's chapter 7 case pending in this district.

4. Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §1409.

## The Parties

5. Evan Halpern ("**Halpern**") is a resident of the State of New York and a member of KRG-BEED, LLC.

6. David Ratner ("**Ratner**") is a resident of the State of New York and a member of KRG-BEED, LLC.

7. Halpern and Ratner (the "**Halpern Parties**") are interested parties in connection with the Debtor and his estate.

8. Brad S. Kuskin (the "**Debtor**") alleged in his petition herein that he is a resident of the State of New Jersey and a member of KRG-BEED, LLC, KRG-CB LLC, KRG-

Case 10-43526-RTL    Doc 39    Filed 03/22/11    Entered 03/22/11 14:38:07    Desc Main
               Document      Page 3 of 12

CB II, LLC, Loya, LLC and Kravetz Realty Group, LLC, among other entities.

9. Theodore Liscinski, Jr. is the duly appointed the chapter 7 trustee (the "Trustee") for the Debtor's chapter 7 estate.

10. Upon information and belief, KRG-BEED, LLC ("**KRG-BEED**") is a Colorado limited liability company formed to acquire and develop the Property.

11. Upon information and belief, KRG-CB, LLC ("**KRG-CB**") is a New York limited liability company doing business in the State of Colorado that was formed to hold Debtor's interest in KRG-BEED.

12. Upon information and belief, KRG-CB II, LLC ("**KRG-CB II**") is a Delaware limited liability company doing business in Colorado that previously held title to the Property.

13. Upon information and belief, Joya, LLC ("**Joya**") is a Florida limited liability that contracted to acquire the Property using the assets of KRG-BEED.

14. Upon information and belief, Jason Vance ("**J. Vance**") is a resident of the State of Florida, a member of Joya and Pinnacle Lodge, LLC and a previous record owner of the Property.

15. Upon information and belief, Tamara Vance ("**T. Vance**") is a resident of the State of Florida, a member of Joya and Pinnacle Lodge, LLC and a previous record owner of the Property.

16. Upon information and belief, Michael Scaglione ("**Scaglione**") is a resident of the State of Florida, a member of Joya and Pinnacle Lodge, LLC and a previous record owner of the Property.

17. Upon information and belief, Kravetz Realty Group, LLC ("**Kravetz**") is a

New York limited liability company appointed as manager of KRG-BEED pursuant to KRG-BEED's Operating Agreement.

18. Upon information and belief, Pinnacle Lodge, LLC ("**Pinnacle**") is a Florida limited liability company and the record owner of the Property.

19. Upon information and belief, Eric Benner ("**Benner**") is a resident of the State of New Jersey and a member of KRG-BEED, LLC.

20. Upon information and belief, "John Does" 1 through 5 are persons or entities holding an interest or claim of interest in the Property and/or managers or members of KRG-BEED.

## PROCEDURAL BACKGROUND

21. On October 28, 2010, the Debtor filed a voluntary chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), Case No. 10-43526 (RTL).

22. On October 29, 2010, the Trustee was duly appointed the chapter 7 trustee for the Debtor's chapter 7 estate.

23. On December 22, 2010, the Debtor's 341 meeting of creditors was held.[1]

---

[1] At the Debtor's 341 meeting, the Halpern Parties served the Debtor with a 2004 subpoena (the "2004 Subpoena"). The 2004 Subpoena required the Debtor to produce documents on or before January 13, 2011, at 5:00 p.m. in connection with the real property, with a 2004 examination scheduled to take place on January 27, 2011. To date, the Debtor has not produced any documents or appeared for a 2004 examination. On February 15, 2011, the Court entered an Order compelling the Debtor to comply with the 2004 Subpoena. To date, the Debtor has failed to comply with the Court's February 15, 2011 Order.

## FACTUAL BACKGROUND

24. This action is brought for a determination as to the extent and validity of interests and claims with respect to the Property and equity positions, loans or other investments in KRG-BEED.

25. On or about March 17, 2008, the Halpern Parties, along with Benner and the Debtor, executed the Operating Agreement of KRG-BEED, LLC (**"Operating Agreement"**).

26. Pursuant to the Operating Agreement, and in recognition of the capital contributions in the amount of $600,000.00 made by each of the Halpern Parties, Halpern and Ratner were each granted an 8.82% interest in KRG-BEED, LLC.

27. Upon information and belief, J. Vance and T. Vance (collectively, the "**Vances**") and Scaglione formed Joya on or about January 21, 2005.

28. Upon information and belief, Joya entered into a contract with the then owner of the Property, which contained an option for the purchase of the Property.

29. Upon information and belief, in or around December 2006, the Debtor reached an agreement in principal with the Vances, Scaglione and Joya to invest $5,800,000.00 in connection with the exercise of Joya's option to purchase the Property (the "**Settlement Agreement**"). In exchange for the investment, KRG-CB received a 90% interest in Joya.

30. In or around February 2008, an agreement was reached between Joya, the Vances, Scaglione, the Debtor, and the then record owner of the Property for the sale of the Property.

31. Upon information and belief, it was understood that KRG-CB would acquire all interest in the Property pursuant to the Settlement Agreement.

32. On or about March 17, 2008, the members of KRG-BEED executed the Operating Agreement of KRG-BEED and contributed capital as outlined in Exhibit "A" of that Operating Agreement.

33. Upon information and belief, the Debtor, individually or through one or more of the entities he controlled, used the Halpern Parties' investment in KRG-BEED to fund the acquisition of the Property pursuant to the Settlement Agreement.

34. Upon information and belief, Joya and its members, including the Debtor, agreed that the Property would be acquired by KRG-CB.

35. Upon information and belief, without consent of the members of KRG-BEED, on or about March 20, 2008, the Debtor formed KRG-CB II, and thereafter, on or about March 21, 2008, either individually or through the entities which he controlled, caused the seller of the Property to execute a Warranty Deed transferring interests in the Property to KRG-CB II.

36. Upon information and belief, through the negligence and/or willful misconduct of the Debtor, Kravetz (as manager of KRG-BEED), the entities that the Halpern Parties used to effect the acquisition of the Property (Joya, KRG-CB, KRG-CB II, KRG-BEED and "John Does"), and/or any other person or entity responsible for paying any obligations owed with respect to the Property, failed to satisfy those continuing obligations, including the mortgages on the Property.

37. The aforementioned conduct constituted violations of the Halpern Parties' rights under the Operating Agreement.

38. As a result of alleged defaults on those obligations, litigation was commenced in the state courts of Florida and Colorado seeking to foreclose on the Property,

including litigation commenced by Joya, the Vances and Scaglione and LPD Mortgage ("**LPD**"). Notices of Lis Pendens were filed against the Property in connection with these litigations.

39. At no time did the Halpern Parties receive notice of these litigations or any Notices of Lis Pendens filed against the Property.

40. Upon information and belief, through the negligence and/or willful misconduct of the Debtor, Kravetz as manager of KRG-BEED, the entities that the Halpern Parties used to effect the acquisition of the Property (Joya, KRG-CB, KRG-CB II, KRG-BEED and "John Does"), and/or any other person or entity responsible for paying the obligations owed with respect to the Property, failed to defend the actions seeking to foreclose on the Property, and as a result, final judgments were entered against the Property.

41. On or about June 28, 2010, a sheriff's levy was filed against the Property by the Sheriff of Gunnison County, Colorado. The Halpern Parties did not receive notice of this levy.

42. The aforementioned conduct constituted violations of the Halpern Parties' rights under the Operating Agreement.

43. Upon information and belief, an auction was held on October 21, 2010, at which the Vances and Scaglione purportedly acquired title to the Property for $25,000.00. The Halpern Parties received no notice of this auction.

44. On or about November 2, 2010, a deed was filed by the Sheriff of Gunnison County, Colorado, transferring title to the Property to the Vances and Scaglione.

45. Upon information and belief, on November 30, 2010, the Vances and Scaglione formed Pinnacle.

46. Upon information and belief, on or about December 4, 2010, the Vances and Scaglione executed a deed transferring the Property to Pinnacle.

47. Subsequent to the investments of the Halpern Parties, upon information and belief, the defendants in this action, as detailed above, have either held nominal interests in the Property, have mismanaged the affairs of KRG-BEED and/or any other entity required to satisfy the obligations concerning the Property, and/or have received capital and/or an equity interest in the Property that rightfully belongs to the Halpern Parties.

## COUNT I
### (Declaratory Judgment – Title)

48. The Halpern Parties repeat the allegations set forth in all prior paragraphs of this complaint as if fully set forth herein.

49. The nominal legal title to the Property that was purportedly transferred to the defendants as a result of the Settlement Agreement, the acquisition of the Property pursuant to the Settlement Agreement, the aforementioned litigations over title to the Property and any judgment resulting therefrom and/or the action on the Property by the Sheriff of Gunnison County, Colorado, were never intended by the Debtor to be transfers of the Property.

50. The transfers of nominal legal title to the Property were effectuated as a part of and pursuant to the Debtor's actual intent to hinder, delay or defraud creditors.

51. The transfer of nominal legal title to the Property by the aforementioned conduct must be deemed invalid.

**WHEREFORE**, the Halpern Parties demand judgment on Count I of this Complaint:

  A. Declaring that the Halpern Parties are jointly the sole legal and equitable owner of the Property under 11 U.S.C. §§ 105(a), 541 and 544.

  B. For such other and further relief as the Court deems just and proper.

## COUNT II
### (Resulting Trust)

52. The Halpern Parties repeat the allegations set forth in all paragraphs of this complaint as if fully set forth herein.

53. The Debtor did not manifest an intention that defendants should receive a beneficial interest in the Property.

54. The Debtor manifested an intention that a resulting trust on the Property should arise in favor of the Halpern Parties.

55. The Halpern Parties are the equitable and beneficial owner of any interest in the Property.

56. Defendants will be unjustly enriched if permitted to retain any interest in the Property.

57. Equity dictates that a resulting trust on the Property be imposed in favor of the Halpern Parties.

**WHEREFORE**, the Halpern Parties demand judgment on Count II of this Complaint:

  A. Declaring that a resulting trust in favor of the Halpern Parties in the Property be imposed.

  B. For attorneys' fees and cost of suit.

    C. For such other and further relief as the Court deems just and proper.

## COUNT III
### (Constructive Trust)

58. The Halpern Parties repeat the allegations set forth in all paragraphs of this complaint as if fully set forth herein.

59. As a member and manager of KRG-BEED, Debtor was in a fiduciary relationship with the Halpern Parties, also members of KRG-BEED.

60. Pursuant to the Operating Agreement, Debtor and certain defendants made certain promises to the Halpern Parties regarding the acquisition, retention and transfer of the Property.

61. The transfer of partial or complete legal or equitable interest in the Property to the Defendants constitutes a violation of those promises.

62. Defendants will continue to be unjustly enriched if permitted to retain an equitable interest in the Property.

63. Equity dictates that a constructive trust on the Property be imposed in favor of the Halpern Properties.

**WHEREFORE**, the Halpern Parties demand judgment on Count III of this Complaint:

    A. Declaring that a constructive trust in favor of the Halpern Parties in the Property be imposed.

    B. For attorneys' fees and cost of suit.

        C.    For such other and further relief as the Court deems just and proper.

## COUNT IV
### (Accounting)

64. The Halpern Parties repeat the allegations set forth in all paragraphs of this complaint as if fully set forth herein.

65. Pursuant to the Operating Agreement, the Halpern Parties are entitled to an accounting of the business of KRG-BEED.

66. Pursuant to the Operating Agreement, the Halpern Parties are entitled to inspect the books and records of KRG-BEED.

67. The Halpern Parties have been denied these rights pursuant to the Operating Agreement.

68. The Halpern Parties request that he be granted judgment for an accounting and, to the extent such accounting demonstrates that he has been damaged by the conduct of the defendants, the Halpern Parties are entitled to an award of those damages.

## **RESERVATION OF RIGHTS**

69. The Halpern Parties have included all known applicable claims of interest relating to the Property in this Complaint.

70. During the course of this adversary proceeding, the Halpern Parties may learn through discovery or otherwise of additional parties claiming interests in relation to the Property.

71. The Halpern Parties reserve their rights to amend this original Complaint to include: (i) further information regarding the causes of action set forth herein; (ii) modifications or revisions to the Defendants' names; (iii) additional defendants; and/or (iv) additional causes of action (collectively, the "Amendments"). The Amendments shall relate back to this Complaint.

Dated: New York, New York
March 22, 2011

By: /s/ *Jonathan S. Bodner*
Jonathan S. Bodner, Esq.
NEIGER LLP
317 Madison Avenue, 21st Floor
New York, New York 10017
Telephone: (212) 267-7342
Facsimile: (212) 918-3427