| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>NEIGER LLP<br>317 Madison Avenue, 21st Floor<br>New York, New York 10017<br>Telephone: (212) 267-7342<br>Facsimile: (212) 918-3427<br>Jonathan S. Bodner, Esq. (JSB-2399) | |
| In re:<br><br>    BRAD S. KUSKIN,<br><br>                  Debtor.<br><br>_____<br>EVAN HALPERN,<br><br>                  Plaintiff,<br><br>          v.<br><br>BRAD S. KUSKIN, THEODORE LISCINSKI, JR., CHAPTER 7 TRUSTEE, KRG-CRYSTAL, LLC, KR CAPITAL MANAGEMENT, LLC, OT ENTERPRISES, LLC, JASON QUITNE, ERIC BENNER, ZACHARY SOBEL, MICHAEL LAZAR, EDWARD STEIN, KRAVETZ REALTY GROUP, LLC, AND "JOHN DOES" 1 THROUGH 5,<br><br>                  Defendants. | Chapter 7<br><br>Case No. 10-43526 (RTL)<br><br><br><br><br>Adv. Pro. No. 11- |

**COMPLAINT**

Evan Halpern, by and through his attorneys, Neiger LLP, upon his complaint (the **"Complaint"**) seeking declaratory judgment in connection with the real property located at 50

Sugar Maple Lane, Hamburg, New Jersey (the "**Property**"), as described in **Exhibit "A"** hereto, and other relief as and against Brad S. Kuskin, Theodore Liscinski, Jr., Chapter 7 Trustee for the bankruptcy estate of Brad S. Kuskin, KRG-Crystal, LLC, KR Capital Management, LLC, OT Enterprises, LLC, Jason Quitne, Eric Benner, Zachary Sobel, Michael Lazar, Edward Stein, Kravetz Realty Group, LLC, and "John Does" 1 through 5, alleges upon information and belief that:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

2. This adversary proceeding is a core proceeding as that term is defined in 28 U.S.C. §157(b)(2)(A),(E),(H), and (O).

3. This adversary proceeding arises under the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") and arises in and relates to the Debtor's chapter 7 case pending in this district.

4. Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §1409.

## The Parties

5. Evan Halpern ("**Halpern**") is a resident of the State of New York and a member of KRG-Crystal, LLC.

6. Halpern is an interested party in connection with the Debtor and his estate.

7. Upon information and belief, KRG-Crystal, LLC ("**Crystal**"), is a Delaware limited liability company formed for the purpose of contributing capital to acquire, own, construct, operate, manage, lease, and sell real property.

8. Brad S. Kuskin (the "**Debtor**") alleged in his petition herein that he is a resident of the State of New Jersey and a member of KR Capital Management, LLC, OT Enterprises, LLC, KRG-Crystal, LLC, and Kravetz Realty Group, LLC, among other entities.

9. Theodore Liscinski, Jr. is the duly appointed the chapter 7 trustee (the "Trustee") for the Debtor's chapter 7 estate.

10. Upon information and belief, KR Capital Management, LLC ("**KRC**"), is a Delaware corporation, the managing member of KRG-Crystal, and is managed by Debtor.

11. Upon information and belief, OT Enterprises, LLC ("**OTE**"), is a member of KRG-Crystal and is managed by Debtor.

12. Upon information and belief, Jason Quitne, ("**Quitne**") is a resident of the State of New Jersey and a member of KRG-Crystal, LLC.

13. Upon information and belief, Eric Benner, ("**Benner**") is a resident of the State of New Jersey and a member of KRG-Crystal, LLC.

14. Upon information and belief, Zachary Sobel, ("**Sobel**") is a resident of the State of Florida and a member of KRG-Crystal, LLC.

15. Upon information and belief, Michael Lazar, ("**Lazar**") is a resident of the State of New York and a member of KRG-Crystal, LLC.

16. Upon information and belief, Edward Stein, ("**Stein**") is a resident of the State of New York and a member of KRG-Crystal, LLC.

17. Upon information and belief, Kravetz Realty Group, LLC ("**Kravetz**") is a New York limited liability company, an agent of Crystal, and managed by Debtor.

18. Upon information and belief, "John Does" 1 through 5 are persons or entities holding an equitable and/or legal interest or claim of interest in the Property and/or

3

managers or members of Crystal.

## PROCEDURAL BACKGROUND

19. On October 28, 2010, the Debtor filed a voluntary chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**"), Case No. 10-43526 (RTL).

20. On October 29, 2010, the Trustee was duly appointed the chapter 7 trustee for the Debtor's chapter 7 estate.

21. On December 22, 2010, the Debtor's 341 meeting of creditors was held.[1]

## FACTUAL BACKGROUND

22. This action is brought for a determination as to the extent and validity of interests and claims with respect to the Property and equity position, loans, or other investments in Crystal.

23. On or about June 12, 2008, the members of Crystal executed the Operating Agreement of Crystal (**"Operating Agreement"**).

24. Pursuant to the Operating Agreement, and in recognition of the capital contributions in the amount of $500,000.00 made by Halpern, Halpern was granted a 9.615% interest in Crystal.

25. Upon information and belief, Halpern's capital contributions were used to acquire, own, construct, operate, manage, and lease the Property.

---

[1] At the Debtor's 341 meeting, the Halpern Parties served the Debtor with a 2004 subpoena (the "2004 Subpoena"). The 2004 Subpoena required the Debtor to produce documents on or before January 13, 2011, at 5:00 p.m. in connection with the real property, with a 2004 examination scheduled to take place on January 27, 2011. To date, the Debtor has not produced any documents or appeared for a 2004 examination. On February 15, 2011, the Court entered an Order compelling the Debtor to comply with the 2004 Subpoena. To date, the Debtor has failed to comply with the Court's February 15, 2011 Order.

26. Upon information and belief, defendants were beneficiaries of Halpern's capital contributions to the extent such contributions were used to acquire, own, construct, operate, manage and lease the Property.

27. Upon information and belief, the Debtor, KRC, and Kravetz have mismanaged the business of Crystal relating to the Property by failing to honor the obligations of Crystal.

28. Upon information and belief, the malfeasance or nonfeasance of the Debtor, KRC, and Kravetz have caused a dimunition in value of Halpern's interest in the Property.

29. Such malfeasance includes the termination of the joint venture between Crystal Springs Builders, LLC, Kravetz, and Crystal concerning the project commonly known as the Crystal Springs Village Center Development Project.

30. The extent of Halpern's injury is unknown, in that Debtor, KRC, and Kravetz have failed to provide Halpern with financial statements for Crystal, despite due demand made pursuant to Halpern's rights under the Operating Agreement.

31. The aforementioned actions constitute a violation of Halpern's rights pursuant to the Operating Agreement.

## COUNT I
### (Declaratory Judgment – Title)

32. Halpern repeats the allegations set forth in all prior paragraphs of this complaint as if fully set forth herein.

33. Any nominal legal title to the Property held by defendants, including the John Does, were never intended to constitute a transfer of full legal and equitable title.

Document      Page 6 of 9

34. The transfers of nominal legal title to the Property were effectuated as a part of and pursuant to the Debtor's actual intent to hinder, delay or defraud creditors.

35. The transfer of nominal legal title to the Property to defendants must be invalidated.

WHEREFORE, Halpern demands judgment on Count I of this Complaint:

A. Declaring that Halpern is the sole legal and equitable owner of the Property under 11 U.S.C. §§ 105(a), 541 and 544.

B. For such other and further relief as the Court deems just and proper.

## COUNT II
### (Resulting Trust)

36. Halpern repeats the allegations set forth in all paragraphs of this complaint as if fully set forth herein.

37. The Debtor did not manifest an intention that defendants should receive a beneficial interest in the Property.

38. The Debtor manifested an intention that a resulting trust on the Property should arise in favor of Halpern.

39. Halpern is the equitable and beneficial owner of any interest in the Property.

40. Defendants will be unjustly enriched if permitted to retain any interest in the Property.

41. Equity dictates that a resulting trust on the Property be imposed in favor of Halpern.

WHEREFORE, Halpern demands judgment on Count II of this Complaint:

    A. Declaring that a resulting trust in favor of Halperns in the Property be imposed.

    B. For attorneys' fees and cost of suit.

    C. For such other and further relief as the Court deems just and proper.

### COUNT III
### (Constructive Trust)

  42. Halpern repeats the allegations set forth in all paragraphs of this complaint as if fully set forth herein.

  43. As a member and manager of Crystal, Debtor was in a fiduciary relationship with Halpern, also a member of Crystal.

  44. Pursuant to the Operating Agreement, Debtor and certain defendants made certain promises to Halpern regarding the acquisition, retention and transfer of the Property.

  45. The transfer of partial or complete legal or equitable interest in the Property to the defendants constitutes a violation of those promises.

  46. Defendants will be unjustly enriched if permitted to retain an equitable interest in the Property.

  47. Equity dictates that a constructive trust on the Property be imposed in favor of Halpern.

  WHEREFORE, Halpern demands judgment on Count III of this Complaint:

    A. Declaring that a constructive trust in favor of Halpern in the Property be imposed.

    B. For attorneys' fees and cost of suit.

      C. For such other and further relief as the Court deems just and proper.

## COUNT IV
### (Accounting)

48. Halpern repeats the allegations set forth in all paragraphs of this complaint as if fully set forth herein.

49. Pursuant to the Operating Agreement, Halpern is entitled to an accounting of the business of Crystal.

50. Pursuant to the Operating Agreement, Halpern is entitled to inspect the books and records of Crystal.

51. Halpern has been denied these rights pursuant to the Operating Agreement.

52. Halpern requests that he be granted judgment for an accounting and, to the extent such accounting demonstrates that he has been damaged by the conduct of the defendants, Halpern is entitled to an award of those damages.

  WHEREFORE, Halpern demands judgment on Count IV of this Complaint:

    A. Ordering an accounting of the business of Crystal and, to the extent proven, damages evidence therein;

    B. For attorneys' fees and cost of suit.

          C.     For such other and further relief as the Court deems just and proper.

## **RESERVATION OF RIGHTS**

53.    Halpern has included all known applicable claims of interest relating to the Property in this Complaint.

54.    During the course of this adversary proceeding, Halpern may learn through discovery or otherwise of additional parties claiming interests in relation to the Property.

55.    Halpern reserves his rights to amend this original Complaint to include: (i) further information regarding the causes of action set forth herein; (ii) modifications or revisions to the Defendants' names; (iii) additional defendants; and/or (iv) additional causes of action (collectively, the "Amendments"). The Amendments shall relate back to this Complaint.

Dated: New York, New York
       March 22, 2011

                                        By: /s/ *Jonathan S. Bodner*
                                            Jonathan S. Bodner, Esq.
                                            NEIGER LLP
                                            317 Madison Avenue, 21st Floor
                                            New York, New York 10017
                                            Telephone: (212) 267-7342
                                            Facsimile: (212) 918-3427